UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRESTON E. MAXWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV00249 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Preston Maxwell's "Successive Petition to Vacate Sentence under 28 U.S.C. § 2255 Based on *Johnson v. U.S.*" [ECF No. 1].

### I. BACKGROUND

On August 15, 2002, Petitioner Preston Maxwell ("Petitioner) was indicted for the federal offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 11, 2003, a jury found Petitioner guilty.

To determine Petitioner's sentence, the Court used the 2002 Guidelines Manual and calculated Petitioner's base offense level under § 2K2.1(a)(4)(A) at 24. Because he was determined to be an Armed Career Criminal, due to his prior felony convictions for aggravated battery in Illinois in 1993, burglary in Illinois in 1998, and aggravated battery in Illinois in 1996, his base offense level increased to 33. His total offense level was 33, and his criminal history category was VI. The guideline range was 235 to 293 months. The statutory minimum of imprisonment was fifteen years, and the maximum term was life.

On June 19, 2003, the Court sentenced Petitioner to 235 months imprisonment, and a five-year term of supervised release. After the United States Supreme Court decided *Johnson v.*

1

*United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence asserting he is no longer an armed career criminal in light of the Supreme Court's decision in *Johnson*.

## II. ANALYSIS

Petitioner asserts his conviction for burglary in Illinois in 1998 no longer qualifies as a violent felony for purposes of the Armed Career Criminal Act ("ACCA"), because it no longer qualifies as a crime of violence under the "enumerated clause" of the ACCA. The United States argues Petitioner does not qualify for *Johnson* relief, because he was not sentenced under the residual clause of the ACCA, he cannot apply *Descamps* and *Mathis* to his claim because they are not retroactive, and even if he was eligible, his burglary conviction qualifies as a violent felony.

### A. *Johnson Relief*

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). Therefore, defendants who were determined to be armed career criminals under the residual clause of the ACCA may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision. The United States asserts Petitioner does not qualify for collateral review under *Johnson* because he cannot prove he was sentenced under the residual clause.

The Court cannot determine whether Petitioner was sentenced under the residual clause of the ACCA. The presentence report filed at the time of his sentencing does not indicate under which clause he received the ACCA enhancement, and the Statement of Reasons adopts the

presentence report without change. In past cases, the Court held, in situations where the Court could not determine under what clause the prior offenses were determined to be predicate offenses, the better approach was to find relief was available, because the Court may have relied on the unconstitutional residual clause. *See Bevly v. United States*, No. 4:16CV00965 ERW, 2016 WL 6893815 (E.D. Mo. Nov. 23, 2016) (J. Webber); *Givens v. United States*, No. 4:16-CV-1143 CAS, 2016 WL 7242162 (E.D. Mo. Dec. 15, 2016) (J. Shaw); *Johnson v. United States*, No. 4:16-CV-00649-NKL, 2016 WL 6542860 at *2 (W.D. Mo. Nov. 3, 2016). The United States cites two appellate decisions which state a district court must deny a petition, and may not reach the merits of the petition, where the petitioner cannot prove he was sentenced under the residual clause of the ACCA. *See In re Moore*, 830 F.3d 1268 (11th Cir. 2016); *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016). However, the Court does not find the reasoning of the Eleventh and Seventh Circuits, in the respective opinions, to be persuasive.

The Eleventh Circuit's decision in *Moore*, was published on July 27, 2016. On August 2, 2016, a different panel on the Eleventh Circuit decided *In re Chance*, directly contradicting the decision in *Moore*. 831 F.3d 1335, 1339 (11th 2016). In *Chance*, the panel stated the language in *Moore*, concerning a district court's denial of a petition, if the petitioner is unable to prove he was sentenced under the residual clause, is dicta and need not be followed. *Id*. Further, the panel determined a petitioner does not have to prove he was sentenced under the residual clause for his petition to be decided on the merits. *Id*. The panel stated, if the district court denied a petitioner's petition on this basis, the district court would be required to ignore Supreme Court precedent determined after *Johnson*. *Id*. Further, the panel found there was, and is, nothing in the law which requires a district judge to state the clause on which it relied on at sentencing, so judges have not made it clear under which clause the defendant was being sentenced. *Id*. Therefore, two

3

similarly situated defendants, one who was told at sentencing he was being sentenced under the residual clause, and one who was not, would not be treated the same and would receive different final sentences. *Id*. The panel concluded by stating a petitioner need only show the ACCA may no longer authorize his sentence. *Id*.

The Court finds the second panel decision by the Eleventh Circuit to be persuasive. Further, this complies with the Court's prior rulings in similar cases. Because there is no way to determine whether Petitioner was sentenced under the residual clause of the ACCA, but realizing he may have been sentenced under the residual clause, the Court will analyze the merits of his Petition.

*B.    Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Section 2255(h)(2) requires a second or successive habeas motion to contain a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The Government argues Petitioner does not present a cognizable claim because it is not based on a new rule of constitutional law. The Government contends Petitioner's claims are rooted in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), rather than *Johnson v. United States*, 135 S. Ct. 2551 (2015). According to the Government, *Descamps* and *Mathis* are not based on new rules of constitutional laws and cannot provide retroactive relief.

However, it is through *Johnson* that Petitioner finds relief. As the Court explained *supra*, *Johnson* provides movant with an avenue of relief not previously available to him, his motion

4

utilizes that decision and therefore, relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The *Johnson* decision opens the door for Petitioner to be resentenced. The Court rejects the Government's argument.

    C.    1998 Illinois Burglary Conviction

The ACCA defines "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B). The second half of (ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause," which the Supreme Court found to be unconstitutional. The Court will analyze whether Petitioner's conviction for burglary in Illinois is a predicate offense under the second clause, the enumerated clause.

The Court applies the categorical approach to determine if a conviction qualifies as a crime of violence when the statute underlying the conviction is indivisible. *United States v. Bell*, 840 F.3d 963, 964 (8th Cir. 2016) (citing *United States v. Gordon*, 557 F.3d 623, 625 (8th Cir. 2009)). The categorical approach focuses on the generic elements of the offense, not on the specific underlying facts of the conviction. *Id*. Under the categorical approach, a court "must consider the lowest level of conduct that may support a conviction under the statute." *Id*. at 5. When a statute is divisible, or has multiple alternative elements, some of which qualify as violent felonies and some of which do not, the Court applies the modified categorical approach, which allows a sentencing court to look at a limited class of documents, the indictment, jury

instructions, or plea agreement and colloquy, to determine what crime, with what elements, of which a defendant was convicted. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

Until the Supreme Court decided *Mathis v. United States*, there was a split between circuit courts in determining when a statute is divisible under the ACCA.[1] Some circuits, including the Eighth Circuit, held a statute is divisible when it sets out alternative ways to commit the crime and it does not matter whether they are alternative means or elements. *United States v. Bess*, 655 Fed. App'x 518, 520 (8th Cir. 2016); *see also United States v. Mathis*, 786 F.3d 1068, 1074 (8th Cir. 2015). Other circuits determined a statue is divisible only if the alternatives listed in the statute are elements. *Bess*, 655 Fed. App'x at 520; s*ee also Rendon v. Holder*, 764 F.3d 1077, 1084-85 (9th Cir. 2014); *Omargharib v. Holder*, 775 F.3d 192, 198-99 (4th Cir. 2014). In *Mathis*, the Supreme Court held a statute is only divisible when it lists alternative elements defining multiple separate crimes. 136 S. Ct. at 2253. Thus, a court may only apply the modified categorical approach to determine if a defendant's prior conviction qualifies as a violent felony when the statute underlying the conviction lists alternative elements, not alternative means. *Id*.

The Supreme Court gave some guidance for cases considering the issue of divisibility of a statute, where the answer is not as clear as the statute in *Mathis*. The Supreme Court stated a statute may indicate the alternatives are elements if it states a specific statutory alternative must be charged or if alternatives carry different punishments. *Id*. If the statute does not do this, the

---

[1] "The concept of divisibility is an outgrowth of the categorical approach that governs the crime of violence determinations under the United States Sentencing Guidelines." *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016) (citing *Mathis*, 136 S. Ct. at 2248-49). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*, 136 S. Ct. at 2248.

court may look at the record of the prior conviction to determine if the alternatives are elements. *Id*. If neither of these provides an answer, the modified categorical approach may not be used. *Id*.

The Illinois statute for burglary in 1998, states as follows:

A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle [], railroad car, or any part thereof, with intent to commit therein a felony or theft.

In *Mathis*, the Supreme Court defined burglary as a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure with intent to commit a crime.'" 136 S.Ct. at 2248. It is clear Illinois' 1998 burglary statute is broader than the generic definition of burglary because it includes watercraft, aircraft, motor vehicles, and railroad cars. Thus, the categorical approach may not be applied. If the statute lists elements, instead of means, it is divisible and the Court may apply the modified categorical approach to determine if Petitioner's conviction qualifies as a predicate offense under the ACCA. If the statute lists means, the modified categorical approach may not be used and the statute cannot be a predicate offense under the ACCA.

In *United States v. Haney*, a defendant's convictions for burglary in Illinois in 1975 were held not to be violent felonies under the ACCA. 840 F.3d 472, 475 (2016). The parties in the case agreed the convictions did not qualify as predicate offenses. *Id*. The Government argues the Seventh Circuit did not decide the statute was indivisible, but merely accepted the parties' agreement it was.[2] However, the Seventh Circuit did not merely accept the parties' agreement. The Seventh Circuit stated:

---

[2] The government states, and the Court agrees, the language in the Illinois burglary statute in 1973 contains nearly the same language as the statute in effect in 1998.

7

> We agree with the parties that Haney's Illinois burglary convictions are not violent felonies under the ACCA. When Haney was twice convicted of burglary in the early 1970s, the relevant statute applied not only to buildings but also to vehicles, such as 'housetrailer[s], watercraft, aircraft, motor vehicle[s] . . . [and] railroad car[s].' So like, the Iowa statute at issue in *Mathis*, Haney's statute of conviction is broader than generic burglary. And the locations described in the older versions of the statute appear to represent 'multiple means of fulfilling its locational element' – unlike the contemporary burglary statute, [], which imposes different penalties depending on the location in which the burglary occurs, constituting separate elements that could render the statute divisible and subject to the modified-categorical approach. Thus, neither of Haney's burglary convictions are appropriate predicates under the ACCA."

*Id.* at 475-76 (citations omitted). The Court adopted the parties' argument and further explained its reasoning for the adoption. *Id*.

The Government further argues a statute lists means, not elements, only when a phrase in the statute is defined separately. The Government relies on *United States v. McFee*, 842 F.3d 572 (8th Cir. 2016). In *McFee*, the defendant's prior conviction, under a Minnesota statute, for making terrorist threats, is examined under the "force clause" of the ACCA. 842 F.3d at 574. Because the elements of the offense of conviction included crimes which do not qualify as ACCA predicate offense, the Eighth Circuit examined the Minnesota statute to determine if the statute was divisible to apply the modified categorical approach. *Id*. at 575. The Eighth Circuit held the statute at issue was not divisible because it defined the phrase which included crimes that do not qualify as an ACCA predicate offense, in a separate statutory section, creating a list of alternative means rather than elements. *Id*. However, the Eighth Circuit did not hold this was the only way in which a statute lists means instead of elements. *Id*. In fact, in *McFee*, the Eighth Circuit stated the statutory construction merely provides "textual support" the definition is a list of means. *Id*. Therefore, although one way to identify a list of means is by the definition of a phrase being included in a separate statutory section, it is not the only way.

Although the Government asks the Court to apply *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016), to the Illinois statute at hand, the construction of the statute in *Sykes* is different than the construction of the statute here, so the Court does not find it applicable. The Seventh Circuit has definitively ruled on this Illinois burglary statute, and the Court will follow this decision. To do so otherwise, would result in defendants in the Seventh Circuit not being armed career criminals, while defendants in the Eighth Circuit would be, based on the same underlying conviction. Therefore, according to *Haney*, Petitioner's prior conviction for burglary in Illinois in 1998 is not a qualifying conviction for the ACCA. Without this conviction, Petitioner does not qualify as an armed career criminal. The Court will set a date for Petitioner's resentencing after speaking with respective counsel and after Petitioner makes a decision as to whether he wishes to be present at his resentencing.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Preston Maxwell's Successive Petition to Vacate Sentence under 28 U.S.C. § 2255 Based on *Johnson v. U.S.* [ECF No. 1] is **GRANTED**.

So Ordered this 21st day of February, 2017.

	*E. Richard Webber*

---

	**E. RICHARD WEBBER**
	**SENIOR UNITED STATES DISTRICT JUDGE**